### CAPEWELL v. GOLDSMITH et al.

(Circuit Court, S. D. New York. June 9, 1905.)

PATENTS—INVENTION—STICK PIN RETAINER.

> The Capewell patent, No. 630,972, for a stick pin retainer, is void for lack of patentable invention, the same device in principle and mode of operation having long been used for analogous purposes, and its adaptation by the patentee to a similar use requiring only mechanical skill.

Suit in equity for alleged infringement of United States letters patent for "stick pin retainer," No. 630,972, to George J. Capewell, dated August 15, 1899. The defendants deny novelty, deny infringement, and allege anticipation by numerous patents; say that there is no invention in view of the prior art.

William G. McKnight (Edmund Wetmore, of counsel), for complainant.

G. H. & F. L. Crawford (Robert N. Kenyon, of counsel), for defendants.

RAY, District Judge. After a careful and patient examination of the patent in suit and the prior art, I am satisfied that in view of such prior art the complainant's patent fails to disclose patentable invention. The claim of the patent is as follows:

"A pin retainer, consisting of a shell with an opening for the passage of a pin, a rotary binder in the shell obstructing the opening and supporting means for said binder whereby the peripheral binding surface is automatically rotated and the size of the opening increased by an inwardly thrust pin, thereby affording free entrance to the pin, and whereby the peripheral binding surface is automatically rotated and the size of the opening decreased by an outwardly pulled pin, thereby clamping and preventing the withdrawal of the pin, and a spring for pressing the binder into the path of the pin and causing an initial clamping when the pin is thrust into the opening in the shell, substantially as specified."

This is a broad claim, and would seem to include the following elements in "a pin retainer," viz.: (1) A shell or case with an opening for the passage of a pin—the pin of the stick pin. (2) A rotary binder in the shell obstructing the said opening, but not intended to so close it as to prevent the entrance of such pin. (3) Supporting means for such binder, whereby the peripheral binding surface is automatically rotated and the size of the opening increased (that is, widened) by an inwardly thrust pin, thereby affording free entrance to the pin, and whereby the peripheral binding surface is automatically rotated and the size of the opening decreased by an outwardly pulled pin, thereby clamping and preventing the withdrawal of the pin. In point of fact this supporting means for such binder is or may be a part of the interior wall of the shell, or some additional thing presenting a slanting surface. (4) A spring for pressing the binder into the path of the pin (and against the pin when being pushed in, or withdrawn if not held), and causing an initial clamping when the pin is thrust into the opening in the shell. The claim ends with the words "substantially as specified." These words refer, as matter of course, to the speci-

fications and drawings. In figures 2 and 4 of the drawings of the patent are shown the interior walls of the shell with the attachment to form the sloping or slanting surface which widens the opening as we go further in and against which the rotary binder moves. As the rotary binder, in Fig. 2 a revolving cylinder (in the specifications called the "roll"), and in Fig. 4 two revolving cylinders, is pushed inwardly by inserting the pin, it follows the slant, and the result is the pin has a wider space for entrance, and is thrust, in Fig. 2, between the rotary binder and the side of the shell, and in Fig. 4 between the two cylinders or rolls which form the binder, and is held in place by the pressure of the binder thereon, which binder is kept in its place by the pressure of the spring below or behind it. The whole idea is simple and old.

In the Sackett patent, hereafter mentioned, claim 3 reads:

"The combination of a shell, A, having a bearing-surface against which the article to be gripped may be pressed, a gripping-roller, B', an inclined plane for causing said roller to grip the article when the same is moved in one direction and to release the article when the same is moved in the opposite direction, and means for retaining the roller out of grip upon the article during the adjustment of the latter; all substantially as and for the purpose herein set forth."

In the specifications we find:

"A spherical roller, B', is dropped into the shell, A, between said inclined plane and the rope or line, so that when the rope or line is drawn toward the smaller end of the shell, A, said roller will grip upon rope or line and prevent the movement in said direction of said rope or line, whereas when the rope or line is drawn in the opposite direction the roller will readily yield to permit the movement of the rope or line in said opposite direction, from which it follows that the rope or line may be adjusted longitudinally to be gripped at any portion of its length to resist movement in the direction of the smaller end of the shell. * * * It is of course to be understood that as an equivalent of the shell, A, a post or other support may have formed therein a conical socket corresponding in form to the interior of said shell, A, which said socket will serve the same purpose as said shell."

In the Allan and Holmes patent, hereinafter mentioned, we read:

"The object of our invention is to facilitate the adjustment of sockets upon rods of any shape for window fittings or any other suitable purposes. Upon the rods are sockets made large enough to slide easily upon their rods. At one or both sides of the rod is a runner or roller within a taper slot. The sides of the runner are shaped according to the shape of the rod upon which the socket slides. One edge of the runner bears against the outer edge of the slot and the other against the rod. When the runner is at the broad end of the slot, the socket can be slid along the rod, but on the runner moving or being moved towards the taper end of the slot it binds against it and the rod, wedging and securing the socket and rod together. To release them the socket is moved in the opposite direction, and the runner moves into the broad part of the slot, releasing the socket. This can be applied to any suitable purposes."

The moment an attempt is made to withdraw the pin, the friction of the pin on the binder draws it back towards the point where the pin entered the shell and into the narrower space, and the effort to withdraw therefore binds the pin more and more, and withdrawal is prevented, unless by manipulation the binder is held in position when the pin is pulled, so that the friction will not draw the binder into the narrower space or portion of the opening. In figures 5 and

6 of the drawings of the patent we find another construction working on precisely the same principle. However, in place of a cylinder (roll) revolving on its center (a rotary binder revolving on its center), we have a cam disk hung on studs arranged eccentrically and held by a spring. When the pin is pushed in this cam disk revolves freely, as the pushing of the pin overcomes the resistance of the spring and the pin is inserted between this cam disk or roll and the side of the shell and held in place by the action of the spring on such disk. The moment an effort is made to withdraw the pin (unless the cam disk is prevented from revolving, as is done with the cylinders or rolls in figures 2 and 4), the friction revolves the disk towards the mouth of the opening, and operates to narrow or close the space and bind the pin against the side of the shell, and so prevent its being withdrawn. The substitution of the cam disk hung on studs arranged eccentrically does away with the piece inside the shell so attached as to form the slant found in figures 2 and 4.

The claim covers all of these constructions, and it is evident that the patentee regarded them all as, in substance and effect, the same, and covered by and included within the same principle of action. This suit was commenced in May, 1903. In December, 1904, the complainant filed a disclaimer, viz.:

"To the Commissioner of Patents—Sir: Your petitioner, George J. Capewell, Jr., a citizen of the United States, residing at Hartford, in the State of Connecticut, represents that in the matter of certain new and useful improvements in Stick Pin Retainers, which Letters Patent of the United States, No. 630,972, were, on August 15, 1899, granted to said George J. Capewell, Jr., as inventor, he is the sole owner thereof; and that he has reason to believe that through inadvertence, accident or mistake, the said patentee has claimed more than that of which he was the first inventor or discoverer by or in consequence of Fig. 5 and Fig. 6 of the drawings attached to and forming part of said Letters Patent and by the use of the following language in the description of said drawings in the body of the specification attached to and forming part of the said Letters Patent, to wit:

" 'Fig. 5 is a similar view of another form, and Fig. 6 is a view of still another form.' (Lines 41 and 42, page 1.)

" 'In Fig. 5 the disk 8 is held by an arbor or outwardly-projecting studs 9, arranged eccentrically, so that the roll will move freely to permit the insertion of a pin, but will tend to bind and clamp the pin against the edge wall when an attempt is made to draw it outwardly. One edge of this cam disk 8 may be extended through one of the edge walls of the shell and may be provided with serrations in order that the disk may be moved and held from binding when it is desired to remove the pin. In this form an opening 10 is made through the inner end of the shell opposite the opening through the outer end of the shell. When the shell is formed in this manner, the retainer may be thrust upon a pin and located at any position along its length.

" 'Fig. 6 illustrates a form in which the binding-cam is arranged on the end of a lever 11, that has one end projecting through the edge wall of the shell. This lever oscillates freely to permit the insertion of a pin, but will prevent the removal of the pin unless its outer end is moved and held so that its inner end will not bind.' (Lines 14 to 38, pages 1, 2.)

"And also by or in consequence of the use of the following language in the body of the specification, to wit:—

" 'In place of the roll shown in the first form illustrated and described a sliding block may be used; but such is not as desirable in action as the rolling block shown on account of the additional amount of friction against the edge wall of the shell.' (Lines 39 to 44, page 2.)

"Your petitioner, therefore, hereby enters this disclaimer to the alleged form or modification of his invention shown by Fig. 5 and Fig. 6 of the drawings and to that part of the subject matter of the specification above quoted and to that part of the claim of said patent as might by its language be interpreted to extend to and include the forms or modifications shown in Fig. 5 and Fig. 6 of the drawings of said patent, and described in the above quoted language.'

"Signed at Hartford, in the County of Hartford, State of Connecticut, this 20th day of December, 1904. **George J. Capewell, Jr.**

"Witnesses:

"Harry R. Williams.

"E. M. Lowe."

This would seem to be a confession that the structures shown in figures 5 and 6 are old, anticipated. If so, I cannot find patentable invention in the structures shown in figures 2 and 4. And in fact in view of letters patent to Hill and Webb, April 1, 1884, No. 296,-169, for mail bag fastener; to John M. Sailer, November 11, 1884, No. 307,806, for cord or strap fastener; to George H. Sackett, November 24, 1885, No. 331,088, for gripping clamp for lines or reins; to G. W. Washburn, January 29, 1889, No. 396,788, for ear jewel; to Curtis N. Wilcox, August 19, 1890, No. 434,691, for line puller; to M. V. Bulla, August 21, 1891, No. 458,332, for broom holder; to Burbank, March 6, 1894, No. 515,817, for tool or implement holder; to Rankin and Spicer, June 8, 1897, No. 584,147, for guide and fastener for hat pins; and British patent to Allan and Holmes, December 30, 1887, No. 18,007, for sockets on rods, etc.—I am compelled to find want of patentability. The combination of the patent in suit is not new. The elements are all old, and the combination produces no new result. The combination was never made or used, so far as appears, to hold a stick pin; but patentable invention is not disclosed in applying to the holding or fastening of a stick pin a mechanism or apparatus which had been used to hold or fasten a hat pin, window fittings, sockets, straps, lines, brooms, tools, and implements in substantially the same manner stick pins are held.

On cross-examination, Mr. Williams, complainant's expert, said, after giving the elements of the patent in suit:

"X-Q. 17. Is any one of these four elements, considered by itself, a novelty, or a new and original device? A. A shell with an opening is old; a rotary binder in a shell is old; a supporting means for a binder, whereby the peripheral binding surface is automatically rotated, is old; and a spring for pressing the binder into the narrower part of a shell is old. In other words, the mechanical elements recited in this claim are old, but in no prior structure have such old elements been combined in substantially the same way as set forth for the purpose set forth."

The complainant showed considerable mechanical taste and skill in reducing in size these elements and changing the form of construction and the shape so as to produce a small, neat, and, in a sense, useful device to serve a useful purpose in connection with a stick pin; but he did not invent anything.

In Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566, approved Stephenson v. Brooklyn R. R. Co., 114 U. S. 149, 5 Sup. Ct. 777, 29 L. Ed. 58, it was said:

"A mere carrying forward a new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of

equivalents doing substantially the same thing in the same way by substantially the same means, with better results, is not such invention as will sustain a patent."

See, also, Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200, Consolidated Roller Mill Co. v. Walker, 138 U. S. 124, 11 Sup. Ct. 292, 34 L. Ed. 920.

The anticipatory devices must be found in an analogous art. Potts v. Creager, 155 U. S. 597, 608, 15 Sup. Ct. 194, 39 L. Ed. 275; Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177. In Potts v. Creager, 155 U. S., at page 608, 15 Sup. Ct., at page 199, 39 L. Ed. 275, the court said:

"It may be laid down as a general rule, though perhaps not an invariable one, that if a new combination and arrangement of known elements produce a new and beneficial result never attained before, it is evidence of invention. As a result of the authorities upon this subject, it may be said that, if the new use be so nearly analogous to the former one that the applicability of the device to the new use would occur to a person of ordinary mechanical skill, it is only a case of double use; but if the relations between them be remote, and especially if the use of the old device produce a new result, it may at least involve an exercise of the inventive faculty. Much, however, must still depend upon the nature of the changes required to adapt the device to its new use."

The relations between the complainant's device and most of those cited from the prior art are not remote, and the uses are analogous.

In Pennsylvania R. Co. v. L. E. S. T. Co., 110 U. S. 490, 4 Sup. Ct. 220, 28 L. Ed. 222, Mr. Justice Gray said:

"It is settled by many decisions of this court, which it is unnecessary to quote from or refer to in detail, that the application of an old process or machine to a similar or analogous subject, with no change in the manner of application, and no result substantially distinct in its nature, will not sustain a patent, even if the new form of result has not before been contemplated."

I do not think it necessary to cite further authorities. The disclaimer came too late to be of avail. But it takes nothing from the broad language of the claim. It is impossible to give it any effect.

The bill of complaint must be dismissed, with costs.